missioner. The language seems to me such that discretionary power to pass upon the right to a pension is conferred upon the commissioner. He is authorized to "determine the circumstances thereof." Even if it should be held that these words were not sufficient to show the conferment of discretionary power, the section goes further, and expressly declares that "nothing herein contained shall render any payment of said pension obligatory, * * * or chargeable as a matter of legal right" upon the fund. It is only when a positive duty, as distinguished from a discretionary power, is intended to be imposed, that the word "may" is to be construed as "must." Hagadorn v. Raux, 72 N. Y. 583. Inasmuch as the statute confers upon the commissioner discretionary power, not only as to the original granting of the pension, but also as to terminating it when circumstances render that conclusion proper, I am led to the conclusion that the relator had no absolute legal right to the pension, and consequently that "may," in the section referred to, must be given its plain and ordinary meaning. The petitioner, having no absolute right to the pension, was bound to prove affirmatively conditions and facts upon which, in justice and in accordance with the purpose and intent of the act, she ought to receive the pension. It appeared by the return that her husband was retired from the department in November, 1895, on account of his having phthisis pulmonalis, that he died in April, 1896, and that he received a pension from the fire department up to the time of his death. It also appeared that the petitioner had received $1,000 out of the fire department widows' and orphans' relief fund, but it did not appear that she was in destitute circumstances, or required the pension for her support. It must be presumed that the commissioner, being a public officer, did not act arbitrarily in the exercise of his discretion. Every public officer is presumed to have done his duty. I do not mean to be understood as declaring that this court may not, in a proper case, review the action of the commissioner, and ascertain whether or not he has fairly exercised the discretion conferred upon him by the statute. In the present proceeding I cannot say that the commissioner, upon the facts before him, did not exercise a fair discretion and come to a just conclusion. I think that the order should be affirmed.

---

(35 Misc. Rep. 604.)

CENTRAL TRUST CO. OF NEW YORK v. UNADILLA VAL. RY. CO. et al.
(DE COPPET et al., Interveners).

(Supreme Court, Special Term, Onondaga County. July, 1901.)

MORTGAGE FORECLOSURE—MINORITY BONDHOLDERS.
Where, in an action to foreclose a railroad mortgage, holders of a portion of the bonds alleged that the foreclosure was necessary because the persons controlling the road and substantially all the other bonds failed to pay interest because they had improperly diverted the funds of the road, it was insufficient to prevent a reference to compute the amount due on default, but such parties could appear on such reference, and testify in support of their claims.

Action by the Central Trust Company of New York against the Unadilla Valley Railway Company and others. Application of Frederick De Coppet and others to intervene denied on condition.

Butler, Notman, Joline & Mynderse, for plaintiff.
H. V. N. Philip, for petitioner De Coppet.
Edward M. Wells, for petitioner Henry H. Cooper.

HISCOCK, J. This is an action to foreclose a mortgage made to secure certain bonds of the above-named defendant. Two motions are before me. One is by the plaintiff for an order of reference upon default to compute the amount due upon the bonds, etc. The other is an application in behalf of the above-named petitioners for leave to intervene and defend in this action. Various grounds have been urged why the latter motion should be granted. One of the petitioners owns a large amount of the bonds secured by the mortgage of which foreclosure is sought. The other petitioner owns a substantial amount of the income bonds issued by the above-named defendant. The only proposed defense in regard to which, in my judgment, it can be said that any substantial or definite evidence has been given upon this motion is the one that the people in control of the affairs of the defendant railroad, and who own substantially all of the other mortgage bonds, have improperly diverted the funds of said road, which should have been applied to the payment of installments of interest, thereby causing the default and foreclosure in question. I do not intend to indicate that any such condition of affairs has been established to my satisfaction upon this motion. I have concluded, however, as a condition of denying the motion of petitioners for leave to intervene and defend herein, to grant them the right to appear by counsel upon the reference to compute the amount due upon said bonds, etc., herein asked for, and give evidence upon said subject, and to have the referee appointed to compute the amount due, take such evidence and any offered in opposition thereto, and report, with his opinion, whether there has been any such diversion of funds which is responsible for the default complained of herein. The motion of plaintiff for an order of reference, therefore, is granted, and the application by petitioners for leave to intervene and defend herein is denied, upon such condition that said petitioners have leave to so appear upon said reference, and that said referee be authorized and empowered, under the order, to take evidence upon such issue, and report thereon, with his opinion. In case the parties opposing the application of the petitioners for leave to intervene herein, who are not in default, refuse to consent to such condition, then the motion for an order of reference is denied, and the application of petitioners for leave to intervene and answer herein is granted. In case the parties are unable to agree upon the form of order herein, it may be settled upon one day's notice, at any time on or before July 11th, at my chambers.

Ordered accordingly.